People v Ioannidis (2026 NY Slip Op 01465)

People v Ioannidis

2026 NY Slip Op 01465

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Ind. No. 00074/16|Appeal No. 6106|Case No. 2020-01387|

[*1]The People of the State of New York, Respondent,
vAthanasios Ioannidis, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Lauren N. Reisig of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered January 17, 2020, as amended February 5, 2020, convicting defendant, after a jury trial, of two counts of manslaughter in the second degree, nine counts of assault in the second degree, four counts of assault in the third degree, reckless endangerment in the second degree, two counts of offering a false instrument for filing in the first degree, and two counts of falsifying business records in the second degree, and sentencing him to an aggregate term of four to twelve years, unanimously affirmed.
Defendant was tried for his role in installing an unauthorized gas delivery system that diverted gas from a building at 119 Second Avenue to a newly renovated building at 121 Second Avenue in Manhattan, ultimately causing an explosion at the 121 building on March 26, 2015 that killed two people and injured thirteen others. Evidence of the prior flexible hosing gas-delivery system constitutes evidence of a prior bad act subject to Molineux analysis and should have been analyzed as such (see generally People v Frumusa, 29 NY3d 364, 369-370 [2017]). This was not the system in place at the time of the explosion and it is not the basis for the charges against defendants; rather, it represents separate, albeit related, misconduct.
Evidence of the prior flex hosing system was admitted for a proper, non-propensity purpose (see generally People v Weinstein, 42 NY3d 439, 458 [2024]; People v Cass, 18 NY3d 553, 559 [2012]). It was highly relevant as background and to complete the narrative of events, as the subject gas-delivery system was installed days after the flex hosing system was dismantled, in the same building, specifically in response to ConEd's shut-down of the gas upon discovery of the flex hosing system (see generally People v Hu Sin, 44 NY3d 455, 459, 462-463 [2025]; People v Woody, 214 AD3d 157, 161 [1st Dept 2023]). Evidence of the prior flex hosing system was also relevant to defendants' state of mind — an issue that was heavily disputed at trial (see generally Sin, 44 NY3d at 460-462). Although the subject gas-delivery system differed in several important respects from the prior system, the fact that defendants had previously been warned of the risks of improperly installing a gas-delivery system and advised to obtain a "licensed plumbing contractor," yet forged on with a new unauthorized system, designed by the same unlicensed plumber and hidden from regulators, is highly suggestive of recklessness (see Penal Law §§ 15.05[3], 125.15[1]).
The probative value of the evidence of the prior flex hosing system also outweighed its potential for undue prejudice to defendant (see generally Weinstein, 42 NY3d at 458; Cass, 18 NY3d at 560). The quantum of evidence introduced on this topic was not so substantial as to exceed any legitimate purpose for its admission. Any potential prejudice was also minimized by the trial court's limiting instructions.
The trial court did not improvidently exercise its discretion in denying defendant's request to sever his trial from that of his codefendants (see generally People v Mahboubian, 74 NY2d 174, 183-185 [1989]). The trial lasted approximately two months, and the People presented over 60 witnesses and 3,000 exhibits. This evidence was relevant to the case against all three defendants, who were charged with acting in concert. It would be extremely inefficient to present all of this evidence more than once (see Mahboubian, 74 NY2d at 183). Defendants' defenses were also largely consistent and focused on their beliefs that the unauthorized gas-delivery system was safe and their arguments that it was not at any rate the cause of the explosion. To the extent they were inconsistent, they were not in irreconcilable conflict and there was no significant danger that such conflict alone would lead the jury to infer defendant's guilt. Any prejudice was also minimized by the trial court's limiting instructions.
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026